**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK ALLEN, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PIXARBIO CORPORATION f/k/a BMP HOLDINGS INC., and FRANCIS M. REYNOLDS,<br><br>　　　　Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mark Allen ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding PixarBio Corporation ("PixarBio" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the

1

Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the securities of PixarBio: (1) pursuant and/or traceable to the Company's private placement that closed on October 30, 2016 (the "Private Placement"); and/or (2) publicly traded on the open market between October 31, 2016 and January 20, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and the Company maintains an office in this district.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased PixarBio securities at artificially inflated prices during the Class Period and/or pursuant and/or traceable to the Private Placement, and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant PixarBio is a specialty pharmaceutical/biotechnology company that focuses on the pre-clinical and clinical development of neurological drug delivery systems for post-operative pain. The Company is incorporated in Delaware and its principal executive offices are located at 200 Boston Avenue, Suite 1875, Medford, MA 02155. The Company also maintains offices at 2200 Fletcher Ave., Suite 301, Fort Lee, NJ 07024. On October 31, 2016, PixarBio began publicly trading its stock on the OTC Markets under the stock symbol "PXRB." On November 8, 2016, PixarBio began trading its stock on the OTCQB Marketplace under the stock symbol "PXRB." On November 28, 2016, PixarBio began trading its stock on the OTCQX Marketplace under the stock symbol "PXRB."

8. Defendant Francis M. Reynolds ("Reynolds") co-founded PixarBio in 2013. Defendant Reynolds has been the Chairman, Chief Executive Officer ("CEO"), Chief Financial Officer ("CFO") and Chief Scientific Officer of PixarBio since 2013. Defendant Reynolds has also been the Chairman, CEO, Principal Financial Officer and Principal Accounting Officer at BMP Holdings Inc. ("BMP") since August 19, 2016.

9. Defendant Reynolds is sometimes referred to herein as the "Individual Defendant."

10. The Individual Defendant:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

11. The Company is liable for the acts of the Individual Defendant and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

12. The scienter of the Individual Defendant and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

13. The Company and the Individual Defendant are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

14. PixarBio raised approximately $7.2 million in cash and issued warrants worth approximately $16.2 million when exercised pursuant to a private placement memorandum which closed October 30, 2016.

15. On October 31, 2016, a reverse merger agreement between PixarBio and BMP was effective, wherein PixarBio acquired BMP, a division of PixarBio, with BMP continuing as the surviving company.

16. Subsequently, BMP changed its name to "PixarBio Corporation," effective with FINRA on November 1, 2016.

### Materially False and Misleading Statements

17. On October 31, 2016, PixarBio filed a Form 8-K with the SEC attaching as Exhibit 99.1 a press release issued by the Company entitled "PixarBio Corporation, Finalized its Merger Transaction with BMP Holdings, Stock Trading on The OTC Markets Begins Monday October 31, 2016 Under New Stock Symbol PXRB," stating that PixarBio "has finalized its merger transaction with BMP Holdings, a division of the Company, effective Monday October 31, 2016 at 8:00AM EST," stating in pertinent part:



**CONTACT:**
Ken Stromsland
CIO and VP, Investor & Public Relations
(617) 913-8884
info@pixarbio.com

**PixarBio Corporation, Finalized its Merger Transaction with BMP Holdings, Stock Trading on The OTC Markets Begins Monday October 31, 2016 Under New Stock Symbol PXRB**

Cambridge, Massachusetts (October 30, 2016): PixarBio Corporation, inventor of NeuroRelease™, a morphine replacement, non-opiate/opioid, non-addictive pain treatment, is pleased to announce that PixarBio Corporation has finalized its merger transaction with BMP Holdings, a division of the Company, effective Monday October 31, 2016 at 8:00AM EST.

Public trading of stock will begin at 9:30AM EST Monday, October 31, 2016 on the OTC Markets. PixarBio Corporation will submit a Super 8K early this week with details of the Merger.

The company will file a S-1 registering all shares within 21 days of the merger or by November 21, 2016.

The company expects to submit an application to list on NASDAQ in the fourth quarter of 2016.

In summary:

- Stock trading on Monday October 31, 2016 9:30AM EST under stock symbol PXRB
- The surviving company BMP Holdings will change its name to PixarBio Corporation, effective with FINRA on Tuesday, November 1, 2016.
- For just one day Monday October 31, the stock symbol PXRB will align with company name BMP Holding. The name of BMP Holding will change on the OTC Markets on Tuesday November 1, 2016 to PixarBio Corporation.
- Potential investors will have the company name, PixarBio Corporation and the Stock Symbol PXRB fully updated on the OTC Markets on Tuesday November 1, 2016.

**The NeuroRelease™ Platform: Non-Addictive and Non-opiate Treatment of Pain**

NeuroRelease™ is a morphine replacement, and non-addictive pain platform for the surgical/hospital setting, for the battlefield, or for acute and chronic pain. First product FDA approval for the platform will be for a 14-day post-surgical pain treatment and it is expected in late 2018.

Major Benefits of NeuroRelease™

- Effects only sensory signals
- No effect on locomotion nerve fibers, so patients can enter physical therapy quickly

・Maintains two-point discriminate touch so patients can function
・No effect on proprioception so no effect on a person feeling of well-being

Therefore, patients will maintain two-point discriminate touch, control of their locomotion nerve fibers so they control voluntary movement to enter rehabilitation quickly with a non-addictive morphine replacement. PixarBio's NeuroRelease[TM] pain platform also includes 4-8 hour, 3-day, 7-day, 14-day and 90-Day pain treatments all have expected FDA approvals in 2020. NeuroRelease[TM] is biodegradable, and it's non-toxic so NeuroRelease[TM] can be re-injected to extend treatment timelines.

PixarBio Corporation was awarded the Boston Business Journal's "2016 Best Places to Work". The award recognizes PixarBio as one of the region's best firms, offering the greatest professional opportunities and work environments to innovate.

PixarBio Corporation Ÿ 200 Boston Ave, Suite 1875 Ÿ Medford, MA 02155
617-803-8838 Ÿ investorrelations@pixarbio.com Ÿ www.pixarbio.com

18.     On November 15, 2016, the Company filed a Form 10-Q for the nine month period ended September 30, 2016 (the "3Q 2016 10-Q") with the SEC, which provided the Company's financial results and position for the nine month period ended September 30, 2016. The 3Q 2016 10-Q also disclosed that "[t]here were no changes in our internal control over financial reporting, other than those stated above[1], during our most recent quarter that have materially affected, or are reasonably likely to materially affect, our internal control over

---

[1] The 3Q 2016 10-Q disclosed the following as the purported changes "stated above":

Our Principal Executive Officer does not expect that our disclosure controls or internal controls will prevent all error and all fraud. Although our disclosure controls and procedures were designed to provide reasonable assurance of achieving their objectives, a control system, no matter how well conceived and operated, can provide only reasonable, not absolute assurance that the objectives of the system are met. Further, the design of a control system must reflect the fact that there are resource constraints, and the benefits of controls must be considered relative to their costs. Because of the inherent limitations in all control systems, no evaluation of controls can provide absolute assurance that all control issues and instances of fraud, if any, within the Company have been detected. These inherent limitations include the realities that judgments in decision-making can be faulty, and that breakdowns can occur because of simple error or mistake. Additionally, controls can be circumvented if there exists in an individual a desire to do so. There can be no assurance that any design will succeed in achieving its stated goals under all potential future conditions.

7

financial reporting." The 3Q 2016 10-Q was signed by Defendant Reynolds. The 3Q 2016 10-Q contained a signed certification pursuant to the Sarbanes-Oxley Act of 2002 by Defendant Reynolds, in his capacity as Pixar's Chairman of the Board, CEO, President, Principal Financial Officer, and Principal Accounting Officer, attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19.    The statements referenced in ¶¶ 17 - 18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the market for PixarBio's securities exhibited manipulative or deceptive activities; (2) PixarBio's assertions in press releases, third-party promotional materials, and PixarBio's Form S-1 concerning, among other things, PixarBio's business combinations and current shareholders; the identity and qualifications of key shareholders and employees; and PixarBio's' current and prospective development efforts lacked veracity; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

### The Truth Emerges

20.    On January 23, 2017, the SEC issued a release announcing the temporary suspension of trading in the securities of PixarBio, stating in pertinent part:

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

SECURITIES EXCHANGE ACT OF 1934

8

Release No. 79852 / January 23, 2017

The Securities and Exchange Commission ("Commission") **announced the temporary suspension, pursuant to Section 12(k) of the Securities Exchange Act of 1934 (the "Exchange Act"), of trading in the securities of PixarBio Corporation (OTCQB:PXRB), of Medford, Massachusetts at 9:30 a.m. on January 23, 2017, and terminating at 11:59 p.m. on February 3, 2017**.

**The Commission temporarily suspended trading in the securities of PixarBio because the market for the security appears to reflect manipulative or deceptive activities and because of questions regarding the accuracy of assertions by PixarBio in press releases and its Form S-1 concerning, among other things: (1) the company's business combinations and current shareholders; (2) the identity and qualifications of key shareholders and employees; and (3) the company's current and prospective development efforts. This order was entered pursuant to Section 12(k) of the Exchange Act.**

The Commission cautions broker-dealers, shareholders, and prospective purchasers that they should carefully consider the foregoing information along with all other currently available information and any information subsequently issued by the company.

[Emphasis added].

21.    On January 23, 2017, the SEC entered an Order pursuant to Section 12(k) of the Securities Exchange Act of 1934 (the "SEC Order"), suspending trading in the securities of PixarBio, stating in pertinent part:

> **It appears to the Securities and Exchange Commission that there is a lack of current and accurate information concerning the securities of PixarBio Corporation (OTCQB:PXRB) (CIK No. 0001623077) because the market for the security appears to reflect manipulative or deceptive activities and because of questions regarding the accuracy of assertions by PixarBio, a Delaware corporation whose principal place of business is in Medford, Massachusetts, in press releases, third-party promotional materials, and the company's Form S-1 concerning, among other things: (1) the company's business combinations and current shareholders; (2) the identity and qualifications of key shareholders and employees; and (3) the company's current and prospective development efforts.**
>
> **The Commission is of the opinion that the public interest and the protection of investors require a suspension of trading in the securities of the above-listed company.**

THEREFORE, IT IS ORDERED, pursuant to Section 12(k) of the Securities Exchange Act of 1934, that trading in the securities of the above-listed company is suspended for the period from 9:30 a.m. EST, on January 23, 2017, through 11:59 p.m. EST, on February 3, 2017.

By the Commission.

Robert W. Errett
Deputy Secretary

[Emphasis added].

22. Given the SEC's Order suspending trading in the securities of PixarBio, shares of PixarBio are illiquid, rendering the shares of PixoBio worthless.

23. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all those who purchased or otherwise acquired PixarBio securities: (1) pursuant and/or traceable to the Private Placement; and/or (2) publicly traded on the OTC Marketplaces during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

25. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, PixarBio securities were actively traded on the OTC

Marketplaces. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

11

- whether the Individual Defendant caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

- whether the private placement memorandum was materially misleading;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of PixarBio securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- PixarBio securities are traded in efficient markets;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the OTC Marketplaces, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold PixarBio securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

31. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

33. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. This Count is asserted against the Company and the Individual Defendant and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35. During the Class Period and/or the Private Placement, the Company and the Individual Defendant, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

36. The Company and the Individual Defendant violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of PixarBio securities during the Class Period and/or pursuant and/or traceable to the Private Placement.

37. The Company and the Individual Defendant acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of

the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

38.     Individual Defendant, who is the senior officer and/or director of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

39.     As a result of the foregoing, the market price of PixarBio securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendant's statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of PixarBio securities during the Class Period in purchasing PixarBio securities at prices that were artificially inflated as a result of the Company's and the Individual Defendant's false and misleading statements.

40.     Had Plaintiff and the other members of the Class been aware that the market price of PixarBio securities had been artificially and falsely inflated by the Company's and the Individual Defendant's misleading statements and by the material adverse information which the Company and the Individual Defendant did not disclose, they would not have purchased PixarBio securities at the artificially inflated prices that they did, or at all.

41.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

42. By reason of the foregoing, the Company and the Individual Defendant have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of PixarBio securities during the Class Period and/or pursuant and/or traceable to the Private Placement.

## COUNT II
### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendant

43. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. During the Class Period, the Individual Defendant participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of his senior positions, he knew the adverse non-public information regarding the Company's business practices.

45. As officer and/or director of a publicly owned company, the Individual Defendant had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

46. Because of his positions of control and authority as senior officer, the Individual Defendant was able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period as well as the private placement memorandum. Throughout the Class Period, the Individual Defendant exercised his power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendant therefore, was a "controlling person" of the

Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, he participated in the unlawful conduct alleged which artificially inflated the market price of PixarBio securities.

47. The Individual Defendant, therefore, acted as a controlling person of the Company. By reason of his senior management positions and/or being director of the Company, the Individual Defendant had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. The Individual Defendant exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

48. By reason of the above conduct, the Individual Defendant is liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 25, 2017              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: <u>Laurence M. Rosen</u>
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*