**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK ALLEN and SALVATORE RAPPA, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:17-cv-00496-CCC-SCM |
| Plaintiffs, | |
| v. | CLASS ACTION |
| PIXARBIO CORPORATION f/k/a BMP HOLDINGS INC., FRANCIS M. REYNOLDS, KENNETH A. STROMSLAND, KATRIN HOLZHAUS, DAVID A. CASS, DEREK S. BRIDGES, and LAURA BARKER MORSE, | |
| Defendants. | |

| | |
|---|---|
| MICHAEL SCHNIEDERS, derivatively on behalf of PIXARBIO CORPORATION, | Case No. 2:17-cv-02987 |
| Plaintiff, | |
| v. | |
| FRANCIS M. REYNOLDS, KATRIN HOLZHAUS, DAVID A. CASS, and LAURA BARKER MORSE, | |
| Defendants, | |
| and | |
| PIXARBIO CORPORATION, | |
| Nominal Defendant. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of September 4, 2019 which is entered into by and among (i) Lead

Plaintiffs Mark Allen ("Allen") and Salvatore Rappa ("Rappa" and with Allen, "Lead Plaintiffs") and Named Plaintiffs Marvin Becker and Jacqueline Becker ("Named Plaintiffs" and with the Lead Plaintiffs, "Class Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein), (ii) Defendants PixarBio Corporation f/k/a BMP Holdings, Inc. ("PixarBio" or the "Company"), Francis M. Reynolds ("Reynolds"), Kenneth A. Stromsland ("Stromsland"), Katrin Holzhaus ("Holzhaus"), David A. Cass ("Cass"), Derek S. Bridges ("Bridges"), and Laura Barker Morse ("Morse and collectively, "Defendants"); and (iii) Plaintiff Michael Schnieders ("Schnieders" and together with Class Plaintiffs and Defendants are the "Parties"), who filed the related derivative action *Schnieders v. Reynolds, et al.*, Case No. 2:17-cv-02987-CCC-SCM ("the Derivative Action") in the United States Court for the District of New Jersey, by and through their undersigned attorneys, states all of the terms of the settlement and resolution of the matter *Allen v. PixarBio Corporation, et al.,* Case No. 2:17-cv-00496-CCC-SCM (the "Securities Class Action") and of the Derivative Action by the Parties (as defined herein) and Schneider are intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the District of New Jersey (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.    The Securities Class Action

The Securities Class Action was commenced on January 25, 2017, alleging violations of the Securities Exchange Act of 1934 against Defendants PixarBio and Reynolds. (Dkt. No. 1).

On January 2, 2018, after briefing on motions for lead plaintiff and lead counsel, as well as a telephonic conference with Judge Cecchi held on October 24, 2017, Allen and Rappa were appointed Lead Plaintiffs and The Rosen Law Firm, P.A. was appointed Lead Counsel. (Dkt. No. 35).

Class Plaintiffs and former counsel for Defendants PixarBio and Reynolds participated in a telephonic conference with Judge Mannion on January 9, 2018, at which they discussed the schedule for the case and applicability of the discovery stay of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

On March 2, 2018, Class Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 41). On April 4, 2018, Class Plaintiffs and former counsel for Defendants PixarBio and Reynolds participated in a telephonic conference with Judge Mannion at which they discussed a briefing schedule for a response to the Amended Complaint and the continuation of discovery.

On April 27, 2018, former counsel for Defendants PixarBio and Reynolds requested a 30-day extension to file a response to the Amended Complaint. The Court approved this request. (Dkt. No. 51).

After learning additional developments, including the criminal charges filed against PixarBio, Reynolds, Stromsland, and M. Jay Herod, Class Plaintiffs requested that they be granted leave to file another complaint. On May 29, 2018, Judge Cecchi granted Class Plaintiffs' request and approved a briefing schedule for Defendants' response thereto. (Dkt. No. 53).

On June 29, 2018, Class Plaintiffs filed their motion for leave to file a second amended complaint (Dkt. No. 56), which the Court granted on July 18, 2018. (Dkt. No. 57). On July 23, 2018, Class Plaintiffs filed the operative Second Amended Class Action Complaint for Violations

of the Federal Securities Laws (the "Second Amended Complaint") (Dkt. No. 58). The Second Amended Complaint included Stromsland, Holzhaus, Cass, Bridges, and Morse as defendants.

On July 24, 2018, Class Plaintiffs and former counsel for Reynolds and PixarBio participated in a telephonic conference with Judge Mannion. At this time, Reynolds had informed his counsel that he was seeking new representation and it was unclear whether PixarBio was going to retain new counsel.

On August 10, 2018, Reynolds retained new counsel, and on August 10, 2018 filed a motion to stay the action. (Dkt. No. 64). This motion was terminated for failing to abide by local rules regarding a conferral requirement. However, on August 16, 2018, Class Plaintiffs and Reynolds filed a letter to Judge Mannion outlining their positions regarding a stay. (Dkt. No. 67). A telephonic conference with Judge Mannion was held on August 23, 2018 to discuss the stay and the interplay with the criminal proceedings against PixarBio, Reynolds, and Stromsland. Judge Mannion ordered the parties to agree to a briefing schedule for an informal motion to stay. Each of the parties submitted their position on whether the action should be stayed in light of the criminal actions against Defendants Reynolds and Stromsland. On October 26, 2018, all parties attended a telephonic conference with Judge Mannion where a schedule for the motion to stay was further discussed. On November 7, 2018, Defendants filed their positions on whether the PSLRA's discovery stay should be applied to this action. Defendants supported the discovery stay. (Dkt. Nos. 103-106). On November 15, 2018, after discussions with Defendants about potential settlement, Class Plaintiffs decided that they would consent to a stay of discovery pursuant to the PSLRA. (Dkt. No. 108). Accordingly, on November 19, 2018, the Court stayed discovery pending the resolution of the motions to dismiss. (Dkt. No. 109).

During the time of the briefing on the motion to stay the action as well as motions to stay discovery pursuant to the PSLRA, motions to dismiss were filed. On October 19, 2018, several motions to dismiss were filed – one from Defendants Bridges, Cass, Holzhaus, and Morse, one by Defendants PixarBio and Reynolds, and the last from Defendant Stromsland. (Dkt. Nos. 95-97). Class Plaintiffs filed an omnibus opposition on December 3, 2018. (Dkt. No. 115). Defendants filed their replies in further support of their motions to dismiss on January 2, 2019. (Dkt. Nos. 121-23). The Parties reached the settlement prior to a decision on the motions to dismiss.

**B.      The Derivative Action**

On May 2, 2017, Schnieders filed the Derivative Action against Reynolds, Holzhaus, Cass, and Morse on behalf of PixarBio. The Derivative Action alleges that defendants named therein made and/or caused the Company to make the same violations of the federal securities laws and asserts claims for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets.

On October 5, 2017, the parties to the Derivative Action filed the Stipulated Temporary Stay of Proceedings, agreeing to stay the Derivative Action pending an order denying any portion of a motion to dismiss or the entry of a final order dismissing the Securities Class Action. (Dkt. No. 8 in Derivative Action). Judge Cecchi entered an order approving the stay of the Derivative Action. (Dkt. No. 10 in Derivative Action).

**C.      The Settlement**

All Parties attended a mediation session with Jed Melnick, Esq. of JAMS on February 28, 2019. Prior to the mediation session, the Parties exchanged detailed mediation statements. A settlement was not reached at this mediation session, but extensive negotiations continued with the assistance of Mr. Melnick.

On June 19, 2019, the Parties reached a settlement to resolve both the Securities Class Action and the Derivative Action and notified the Court of the settlement on the following day. (Dkt. No. 128). On June 21, 2019, Judge Cecchi entered an order administratively terminating the action for 60 days to allow time for the Parties to document the settlement. (Dkt. No. 129).

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Securities Class Action and the Derivative Action and to fully release all Released Claims against Defendants and the Released Parties with prejudice in return for the consideration specified herein.

**D.      Defendants' Denial of Wrongdoing and Liability**

Throughout the course of the Securities Class Action and the Derivative Action, and in this Stipulation, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever that have or could have been asserted in the Securities Class Action and the Derivative Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Class Plaintiffs and Schnieders, as well as the allegations that Class Plaintiffs, the Settlement Class, and Schnieders have suffered damages and that Class Plaintiff, the Settlement Class, and Schnieders were harmed by the conduct alleged in the Securities Class Action and the Derivative Action. Defendants continue to believe the claims asserted against them in the Securities Class Action and the Derivative Action are without merit and that the Securities Class Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by any of Defendants or any of the Released Parties with respect to any of Class Plaintiffs' or Schnieders' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

### E.    Claims of Class Plaintiffs and Benefits of Settlement

Class Plaintiffs believe that the claims asserted in the Securities Class Action have merit. Class Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Securities Class Action against Defendants through trial and appeals. Class Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Class Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Securities Class Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial. Class Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

### F.    Claims of Schnieders and Benefits of Settlement

Schnieders believes that the claims asserted in the Derivative Action have merit. Schnieders, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Derivative Action against Defendants through trial and appeals. Schnieders has also taken into account the uncertain outcome and the risk of any litigation. In particular, Schnieders has considered the inherent problems of proof and possible defenses to the derivative claims asserted in the Derivative Action, including the defenses that have been or

could be asserted by Defendants during the litigation, motions to dismiss, motion for summary judgment, and trial. Schnieders has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Company and the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Class Plaintiffs (on behalf of themselves and each of the Settlement Class Members), Schnieders, and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Securities Class Action, the Derivative Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Securities Class Action and the Derivative Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1. **Definitions**

    In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

    1.1. "Additional Class Counsel" means Gainey McKenna & Egleston.

    1.2. "Additional Settlement Amount" means monies in excess of the amount set forth in ¶1.40 *infra* (the $750,000 to be paid into the Escrow Account), that remains in PixarBio's directors & officers insurance policy by Chubb after all claims, fees, and expenses are paid from other related litigation including the actions *Securities and Exchange Commission v. PixarBio Corp, et al*., Case No. 1:18-cv-10797 (D. Mass) and *United States of America v. Reynolds, et al*., Case No. 18-CR-10154 (D. Mass). After the conclusion of these aforementioned actions, if any

funds are to remain in the insurance policy, these funds will be distributed to Authorized Claimants in accordance with the Plan of Allocation. No separate notice will be sent to potential Claimants with respect to the Additional Settlement Amount.

**1.3.** "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.1) to the Authorized Claimants. Such costs do not include legal fees.

**1.4.** "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.5.** "Awards to Class Plaintiffs and Schnieders" means the requested reimbursement to Lead Plaintiffs, Named Plaintiffs, and Schnieders for their reasonable costs and expenses (including lost wages) directly related to Lead Plaintiffs' and Named Plaintiffs' representation of the Settlement Class in the Securities Class Action and to Schnieders' efforts in the Derivative Action.

**1.6.** "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New Jersey.

**1.7.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.8.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.9.**    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

**1.10.**    "Class Counsel" means Lead Counsel and Additional Class Counsel.

**1.11.**    "Class Plaintiffs" means Mark Allen, Salvatore Rappa, Jacqueline Becker, and Marvin Becker.

**1.12.**    "Defendants" means PixarBio Corporation f/k/a BMP Holdings, Inc., Francis M. Reynolds, Kenneth A. Stromsland, Katrin Holzhaus, David A. Cass, Derek S. Bridges, and Laura Barker Morse.

**1.13.**    "Defense Counsel" means Obermayer Rebmann Maxwell & Hippel LLP, Conrad O'Brien P.C., Gibbons P.C., and Zuckerman Gore Brandeis & Grossman LLP.

**1.14.**    "Derivative Action" means *Schnieders v. Reynolds, et al.,* Case No. 2:17-cv-02987-CCC-SCM (D.N.J.).

**1.15.**    "Derivative Counsel" means The Brown Law Firm, P.C. and The Pawar Law Group, P.C.

**1.16.**   "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

**1.17.**   "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Class Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.18.**   The "Escrow Agent" means SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.19.**   "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Final Judgment becomes Final.

**1.20.**   "Final Judgment" means the order and final judgment to be entered by the Court finally approving the Settlement and dismissing the Securities Class Action, materially in the form attached hereto as Exhibit B.

**1.21.**   "Insurer" means the primary insurer pursuant the director and officer liability policies under which PixarBio was covered, for the period October 31, 2016 through January 23, 2017, Chubb.

**1.22.** "Lead Counsel" means The Rosen Law Firm, P.A.

**1.23.** "Lead Plaintiffs" means Mark Allen and Salvatore Rappa as identified in the Order Appointing Lead Plaintiffs and Lead Counsel (Dkt. No. 35).

**1.24.** "Named Plaintiffs" means Jacqueline Becker and Marvin Becker.

**1.25.** "Net Settlement Fund" means the Gross Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Awards to Class Plaintiffs and Schnieders; and (v) other fees and expenses authorized by the Court.

**1.26.** "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action and Derivative Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action and Derivative Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members and PixarBio shareholders substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed to Settlement Class Members.

**1.27.** "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.28.** "Party" means any one of, and "Parties" means Class Plaintiffs (on behalf of themselves and the Settlement Class), Schnieders, and Defendants.

**1.29.** "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or

any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assign.

**1.30.** "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

**1.31.** "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class Members and PixarBio shareholders substantially in the form attached hereto as Exhibit A.

**1.32.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.33.** "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, managers, and agents of each of them, ***except for*** Henry Sargent, Patrick Giordano, Frederick Mintz, Alan Fraade, The Mintz Fraade Law Firm, P.C., and any of the immediate family members, heirs, executors, trustees, administrators, successors,

assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them.

    **1.34.**   "Released Claims" means and includes any and all Claims (including Unknown Claims as defined in ¶ 1.41), demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted directly or derivatively by or on behalf of any of the Releasing Parties, in any capacity, arising out of or relating to the allegations made in the Securities Class Action or the Derivative Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

    **1.35.**   "Released Parties" means the Defendants and each of their Related Parties.

    **1.36.**   "Releasing Parties" means jointly and severally, individually and collectively, Class Plaintiffs, Schnieders, each and every Settlement Class Member, and each of their Related Parties.

    **1.37.**   "Schnieders" means Michael Schnieders, plaintiff in the Derivative Action.

    **1.38.**   "Securities Class Action" means the putative class action captioned *Allen v. PixarBio Corporation, et al.,* Case No. 2:17-cv-00469 (D.N.J.).

    **1.39.**   "Settlement" means the settlement contemplated by this Stipulation.

1.40.   "Settlement Amount" means the sum of $750,000 (Seven Hundred and Fifty Thousand U.S. Dollars) as well as any remaining funds defined as the Additional Settlement Amount. The Settlement Amount includes all Administrative Costs, Class Counsel's and Derivative Counsel's attorneys' fees and expenses (as allowed by the Court), Awards to Class Plaintiffs and Schnieders (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.41.   "Settlement Class" means all persons and entities other than Defendants and their affiliates who purchased or acquired PixarBio securities: (1) in an offering carried out continuously beginning in December 2015; (2) pursuant and/or traceable to the Company's private placement that closed on October 30, 2016; and/or (3) publicly traded on the open market between October 31, 2016 and January 23, 2017, both dates inclusive. Excluded from the Settlement Class are Defendants and their immediate families, the officers and directors of PixarBio at all relevant times, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order Granting Class Plaintiffs' Motion for Preliminary Approval of Class Action and Derivative Action Settlement ("Preliminary Approval Order").

1.42.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.43.   "Settlement Class Period" means the period from December 11, 2015 through January 23, 2017, both dates inclusive.

1.44.   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.45.** "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure as to whether the Settlement set forth in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.46.** "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Parties expressly acknowledge, and the Releasing Parties by operation of the Judgment—shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Class Plaintiffs, Schnieders, or Releasing Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Plaintiffs and Schnieders shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or

additional facts, legal theories, or authorities. Class Plaintiffs and Schnieders expressly acknowledge, and the Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

**2.     The Settlement Consideration**

**2.1.**     Subject to the terms of this Stipulation, and upon receipt from Class Counsel of wiring instructions and a completed Form W-9, PixarBio's Insurer, on behalf of Defendants, shall, within seven (7) Business Days after the Court issues the Preliminary Approval Order, or seven (7) business days after preliminary approval of the Derivative Action, pay or cause to be paid the sum of $750,000 (Seven Hundred Fifty Thousand Dollars) into the Escrow Account, which amount shall be inclusive of the $150,000 (One Hundred Fifty Thousand Dollars) attributable to the settlement of the Derivative Action. The Settlement Amount will be funded solely by the insurance policy referenced in paragraph 1.21, *supra.*

**2.2.**     Additionally, as described in paragraph 1.2, *supra*, PixarBio's Insurer shall pay or cause to be paid the Additional Settlement Amount if applicable. The Additional Settlement Amount, if payable, will be funded solely by the insurance policy referenced in paragraph 1.21, *supra*.

**2.3.**     Under no circumstances will Defendants' Insurer be required to pay, or cause payment of, more than the Settlement Amount and the Additional Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member, Class Counsel, or Derivative Counsel, or as interest on the Settlement Amount of any

kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account). Under no circumstances will any Released Party other than the Defendants' insurer be required to pay any sum of money in connection with this Settlement.

**3.      Handling and Disbursement of Funds by the Escrow Agent**

**3.1.**      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)      As provided in ¶ 3.4 below;

(b)      As provided in ¶ 8.2 below;

(c)      As provided in ¶ 10.10 below, if applicable; and

(d)      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties and the Insurer. Defendants, their counsel, their Insurer and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel.

**3.4.**     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $75,000 (Seventy-Five Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

**4.     Taxes**

**4.1.**     The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Class Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

> **(a)**     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Class Counsel or their designee. Class Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes

(including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)      All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurer with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their Insurer and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurer and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Parties agree to cooperate with

each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

**5.       Preliminary Approval Order, Notice Order, and Settlement Hearing**

**5.1.**     As soon as practicable after execution of this Stipulation, Class Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the dissemination of notice. The Preliminary Approval Order to be submitted to the Court shall contain the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim and Release (Exhibit A-2); (c) Summary Notice (Exhibit A-3); and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are disseminated or otherwise provided to Settlement Class Members and PixarBio shareholders. Defendants shall not object to, or have any responsibility for, Class Counsel's proposed Plan of Allocation.

**5.2.**     At the time of the submission described in ¶ 5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided and the Settlement Class Members and PixarBio shareholders are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

6. **Releases and Covenants Not to Sue**

**6.1.** Upon the Effective Date, the Releasing Parties, on behalf of themselves and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defendants' Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.2.** The Releasing Parties do not release any claims against Henry Sargent, Patrick Giordano, Frederick Mintz, Alan Fraade, The Mintz Fraade Law Firm, P.C., and any of the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them.

**6.3.** To the extent that the Releasing Parties seek compensation from any party other than the Released Parties, including but not limited to Henry Sargent, Patrick Giordano, Frederick Mintz, Alan Fraade, The Mintz Fraade Law Firm, P.C., and any of the immediate family members, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, legal representatives, contractors, accountants, insurers, reinsurers,

managers, and agents of each of them, if such other parties seek contribution from the Released Parties, the Releasing Parties will not seek to recover any portion of liability that may be attributed to the Released Parties.

**6.4.** Upon the Effective Date, Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Plaintiffs, Schnieders, Settlement Class Members, Class Counsel, Derivative Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Securities Class Action or the Derivative Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Class Plaintiffs, Schnieders, Settlement Class Members, Class Counsel, Derivative Counsel and their Related Parties. Nothing contained herein shall, however, bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.5.** Within five (5) Business Days after the date that the Final Judgment becomes Final, Schnieders shall file a Notice of Voluntary Dismissal in the Derivative Action to dismiss the Derivative Action with prejudice, and shall use his reasonable best efforts to take, or cause to be taken, any and all additional actions, and to do, or cause to be done any and all things reasonably necessary, proper and appropriate, if any, to secure dismissal with prejudice of the Derivative Action. Defendants shall cooperate with Schnieders in order to secure the dismissal with prejudice of the Derivative Action.

7. **Administration and Calculation Of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Class Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(b)    To pay Administrative Costs;

(c)    To pay Class Counsel and Derivative Counsel's attorneys' fees with interest and expenses and payments to the Class Plaintiffs and Schnieders for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

(d)    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurer. Defendants, their counsel, their Insurer and the other

Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Class Counsel, the Claims Administrator or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    To assist in dissemination of notice, PixarBio will make reasonable efforts to assist Lead Counsel in obtaining information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in the Company's transfer records ("Settlement Class Information"). The Settling Parties acknowledge that any information provided to Lead Counsel by the Company pursuant to this

Paragraph shall be treated as confidential and will be used by Plaintiffs' Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Class Counsel, with the approval of the Court.

8.    **Class Counsel's and Derivative Counsel's Attorneys' Fees and Reimbursement of Expenses**

8.1.    Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Class Counsel and Derivative Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Securities Class Action and the Derivative Action; and (iii) the

Awards to Class Plaintiffs and Schnieders. Defendants shall take no position with respect to the Fee and Expense Application.

**8.2.** Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Class Counsel and Derivative Counsel from the Settlement Fund within three (3) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Class Counsel and Derivative Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Class Counsel and Derivative Counsel agree that the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and they shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Class Counsel and Derivative Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firms should they fail timely to repay fees and expenses pursuant to this paragraph. Any Awards to Class Plaintiffs and Schnieders shall not be paid from the Settlement Fund until after the Effective Date.

**8.3.**     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation

**8.4.**     Any award of attorneys' fees and interest and/or expenses to Class Counsel and Derivative Counsel or Awards to Class Plaintiffs and Schnieders shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Released Party shall have any responsibility for payment of Class Counsel's and Derivative Counsel's attorneys' fees and interest, expenses or other Awards to Class Plaintiffs and Schnieders beyond the obligation of Defendant PixarBio to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Derivative Counsel, Class Plaintiffs, Schnieders, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.     Class Certification**

**9.1.**     In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Final

Judgment, Defendants shall consent to (i) the appointment of Class Plaintiffs as the class representatives, (ii) the appointment of Class Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.**    Class Plaintiffs, on behalf of the Settlement Class, Schnieders, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of any of the following:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)    entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)    entry of a Court order refusing to dismiss the Securities Class Action with prejudice.

(v)    entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review;

(vi)    failure of Schnieders to file a Notice of Voluntary Dismissal of the Derivative Action; and

(vii)    failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated above in this ¶ 10.1, no Party shall have the right to terminate the Stipulation for any reason.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Class Plaintiffs, on behalf of the Settlement Class, and/or Schnieders, and not Defendants (other than in accordance with ¶ 10.3), shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.**  The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

    **(a)**    Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.5;

    **(b)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

    **(c)**    The sum of $750,000 (Seven Hundred Fifty Thousand U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1 above, and if applicable, the Additional Settlement Amount, as set for in ¶ 1.2 above;

    **(d)**    The Court has approved the Settlement, following notice to the Settlement Class Members and PixarBio shareholders and the Settlement Hearing, and has entered the Final Judgment;

    **(e)**    The Final Judgment has become Final as defined in ¶ 1.19;

    **(f)**    Schnieders has filed a Notice of Voluntary Dismissal of the Derivative Action; and

    **(g)**    The Securities Class Action has been dismissed with prejudice.

10.4.     Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurer in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5.     If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

10.6.     Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1 (other than in accordance with ¶ 10.3). None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Party engages in a material breach of the terms hereof, any other Party, provided that he, she, or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

10.7.     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the Securities Class Action and the Derivative Action immediately prior to September 4, 2019, and they shall

proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Securities Class Action and the Derivative Action shall be preserved without prejudice.

**10.8.** In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Securities Class Action, Derivative Action, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10.9.** In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the entity or entities which paid the Settlement Fund, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from said entity or entities. At the request of said entity or entities the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to said entity or entities pursuant to written direction received from said entity or entities.

**10.10.**  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.     No Admission of Liability or Wrongdoing**

**11.1.**  The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Party, or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Securities Class Action or Derivative Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Securities Class Action or the Derivative Action, any wrongdoing by any Party, Schnieders, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense,

or of any damages to the Class Plaintiffs, Schnieders, or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

12.     **Miscellaneous Provisions**

**12.1.**     Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the Supplemental Agreement, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**     The Parties and their respective counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**     Each of the attorneys executing this Stipulation, any of its exhibits, and any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents, respectively.

**12.4.**     Class Plaintiffs and Class Counsel represent and warrant that Class Plaintiffs are Settlement Class Members and none of Class Plaintiffs' claims or causes of action against one or more Defendants in the Securities Class Action, or referred to in this Stipulation, or that could

have been alleged against one or more Defendants in the Securities Class Action have been assigned, encumbered or in any manner transferred in whole or in part.

12.5.    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Class Plaintiffs, on behalf of themselves and the Settlement Class, and Schnieders acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his or its own costs.

12.6.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, or their respective counsel or their respective successors in interest.

12.7.    This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

12.8.    The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

12.9.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10.   This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by

facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.11.   This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to conflict of laws principles.

12.12.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.13.   The Stipulation shall not be construed more strictly against one party hereto than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.14.   Class Plaintiffs, Schnieders, Class Counsel, Derivative Counsel, and the attorneys, staff, experts, and consultants assisting them in the Securities Class Action and the Derivative Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Securities Class Action or the Derivative Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of the Securities Class Action or the Derivative Action, and (c) they will not discuss any confidential matters related to the Securities Class Action,

the Derivative Action, or the Settlement with anyone.  Defendants and Defense Counsel agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Securities Class Action or the Derivative Action against Class Plaintiffs, Schnieders, Settlement Class Members, Class Counsel, Derivative Counsel, and their Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Class Plaintiffs, Schnieders, Settlement Class Members, Class Counsel, Derivative Counsel, and their Related Parties with respect to any matter relating to the subject matter of the Securities Class Action or the Derivative Action, and (c) they will not discuss any confidential matters related to the Securities Class Action, the Derivative Action, or the Settlement with anyone.

**12.15.**  All agreements by, between or among the Parties, their respective counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement

**12.16.**  The Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA in connection with the Securities Class Action, the Derivative Action, the Settlement, the Stipulation or the Supplemental Agreement. The Parties agree that the Securities Class Action and the Derivative Action were resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure, any corollary state law rule or statute, and/or the PSLRA.

**12.17.**   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties.

**12.18.**   The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**12.19.**   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: ~~August~~ September 4, 2019

THE ROSEN LAW FIRM, P.A.

By: _____
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, New Jersey 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

and

Leah Heifetz-Li
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: lheifetz@rosenlegal.com

*Class Counsel for Lead Plaintiffs and the proposed Settlement Class*

Dated: ~~August~~ (September 4), 2019

GAINEY McKENNA & EGLESTON

By: *Thomas J. McKenna*
Thomas J. McKenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gme-law.com

*Additional Class Counsel*

Dated: August ~~___~~ September 4, 2019

THE BROWN LAW FIRM, P.C.

By: _____
Timothy Brown
240 Townsend Square
Oyster Bay, New York 11771
Tel: (516) 922-5427
Fax: (516) 344-6204

Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Michael Schnieders*

Dated:  ~~August~~ Sept 4, 2019

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

By: _____

Mathieu J. Shapiro
Woodland Falls Corp. Park
200 Lake Drive East, Suite 110
Cherry Hill, NJ 08002
Email: mathieu.shapiro@obermayer.com

*Counsel for Defendant PixarBio Corporation and David A. Cass*

Dated:  August ___, 2019

**CONRAD O'BRIEN PC**

By: _____

Kevin D. Kent
Andrew S. Gallinaro
Christopher M. Lucca
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102
Email: kkent@conradobrien.com

*Counsel for Defendant Francis M. Reynolds*

Dated:  August ___, 2019

**ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP**

By: _____

Justin A. Greenblum
11 Times Square
New York, NY 10036
Tel: (212) 223-6700
Fax: (212) 223-6433
Email: jgreenblum@zukermangore.com

*Counsel for Defendant Kenneth A. Stromsland*

Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Michael Schnieders*

Dated: September ___, 2019

**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**

By: _____
Mathieu J. Shapiro
Woodland Falls Corp. Park
200 Lake Drive East, Suite 110
Cherry Hill, NJ 08002
Email: mathieu.shapiro@obermayer.com

*Counsel for Defendant PixarBio Corporation and
David A. Cass*

Dated: September 4, 2019

**CONRAD O'BRIEN PC**

By: _____
Kevin D. Kent
Andrew S. Gallinaro
Christopher M. Lucca
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102
Email: kkent@conradobrien.com

*Counsel for Defendant Francis M. Reynolds*

Dated: September 3, 2019

**ZUKERMAN GORE BRANDEIS &
CROSSMAN LLP**

By: _____
Justin A. Greenblum
11 Times Square
New York, NY 10036
Tel: (212) 223-6700
Fax: (212) 223-6433
Email: jgreenblum@zukermangore.com

*Counsel for Defendant Kenneth A. Stromsland*

Dated:  September ___, 2019

**GIBBONS P.C.**

By: _____

Lawrence S. Lustberg
Samuel I. Portnoy
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
Email: llustberg@gibbonslaw.com
Email: sportnoy@gibbonslaw.com

*Counsel for Defendants Katrin Holzhaus, Derek S. Bridges and Laura Barker Morse*