**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK ALLEN and SALVATORE RAPPA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIXARBIO CORPORATION f/k/a BMP HOLDINGS INC., FRANCIS M. REYNOLDS, KENNETH A. STROMSLAND, KATRIN HOLZHAUS, DAVID A. CASS, DEREK S. BRIDGES, and LAURA BARKER MORSE,<br><br>Defendants. | Case No. 2:17-cv-00496-CCC-SCM<br><br>CLASS ACTION |
| MICHAEL SCHNIEDERS, derivatively on behalf of PIXARBIO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FRANCIS M. REYNOLDS, KATRIN HOLZHAUS, DAVID A. CASS, and LAURA BARKER MORSE,<br><br>Defendants,<br><br>and<br><br>PIXARBIO CORPORATION,<br><br>Nominal Defendant. | Case No. 2:17-cv-02987 |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND DERIVATIVE ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs Mark Allen, Salvatore Rappa and Named Plaintiffs Marvin Becker and Jacqueline Becker ("Named Plaintiffs" and with Lead Plaintiffs, "Class Plaintiffs"), on behalf of themselves and the Settlement Class, Derivative Plaintiff Michael Schnieders, and Defendants PixarBio Corporation f/k/a BMP Holdings, Inc. ("PixarBio" or the "Company"), Francis M. Reynolds, Kenneth A. Stromsland, Katrin Holzhaus, David A. Cass, Derek S. Bridges, and Laura Barker Morse (and collectively, the "Parties") have entered into the Stipulation and Agreement of Settlement, dated September 4, 2019 (the "Settlement Stipulation"), which is subject to review under Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the securities class action pending before the Court titled, *Allen v. PixarBio Corporation, et al.*, Case No. 2:17-cv-00496-CCC-SCM (D.N.J.) (the "Securities Class Action") and the shareholder derivative action *Schnieders v. Reynolds, et al.*, Case No. 2:17-cv-02987-CCC-SCM (D.N.J.) (the "Derivative Action" and with the Securities Class Action, the "Actions"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 18th day of November, 2019, that:

1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Securities Class Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) all

persons and entities, other than Defendants and their affiliates, who purchased or acquired PixarBio securities: (1) in an offering carried out continuously beginning in December 2015; (2) pursuant and/or traceable to PixarBio's private placement that closed on October 30, 2016; and/or (3) publicly traded on the open market between October 31, 2016 and January 23, 2017, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants and their immediate families, the officers and directors of PixarBio at all relevant times, their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order.

3. This Court finds, preliminarily and for purposes of the Settlement of the Securities Class Action only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class he seeks to represent; (d) Class Plaintiffs fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Securities Class Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement of the Securities Class Action only, Class Plaintiffs are certified as class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel

and Additional Counsel, previously selected by Class Plaintiffs and appointed by the Court, are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members and PixarBio shareholders to warrant providing notice of the Settlement to Settlement Class Members and PixarBio shareholders and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rules of Civil Procedure 23(e) and 23.1, which is hereby scheduled to be held before the Court on March 13, 2020 at 12:30 p.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment of the Securities Class Action under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the applications of Class Counsel and Derivative Counsel for awards of attorneys' fees with interest and expenses to Class Counsel and Derivative Counsel and awards to the Class Representatives and Schnieders;

(f) to consider Settlement Class Members' and PixarBio shareholders' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members or PixarBio shareholders (or by counsel on their behalf) provided that they give proper notice that they intend to appear at the Settlement Hearing; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Actions, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8. The Court approves the form, substance and requirements of (a) the Notice of Pendency and Proposed Settlement of Class Action and Derivative Action ("Long Notice"), (b) the Summary Notice of Pendency and Proposed Class Action and Derivative Action Settlement ("Summary Notice"), (c) the Postcard Notice of Pendency and Proposed Settlement of Class

Action and Derivative Action ("Postcard Notice"), and (d) the Proof of Claim and Release Form ("Proof of Claim"), all of which are exhibits to the Settlement Stipulation.

9. Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11. Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $75,000 (Seventy-Five Thousand Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

12. To assist in dissemination of notice, PixarBio will make reasonable efforts to assist Lead Counsel in obtaining information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in the Company's transfer records. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

13. Within sixteen (16) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either (a) email the Summary Notice to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Settlement Stipulation as Exhibit A-3 or (b) cause the Postcard Notice, substantially in the form annexed to the Settlement Stipulation as Exhibit A-4, if no electronic mail address can

be obtained, mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

14. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held PixarBio securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a Summary Notice electronically. Nominees or custodians who elect to email the Summary Notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name and address; mailing of Postcard Notice up to $0.05 per unit, plus postage at the rate used by the Claims Administrator;

or emailing of notice up to $0.05 per email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the Postcard Notice mailing or Summary Notice emailing. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Settlement Class Members and PixarBio shareholders of the Settlement and its terms and conditions meet the requirements of due process, Rules 23 and 23.1 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member or PixarBio shareholder will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member or PixarBio shareholder failed to receive actual or adequate notice.

19. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, www.strategicclaims.net by 11:59 p.m. EST on February 12, 2020; or (b) at the Post Office Box indicated in the Notice, postmarked no later than February 12, 2020 (thirty (30) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims

Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Actions or the Settlement in connection with

processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

20. All Settlement Class Members who do not submit valid and timely Proof of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Final Judgment, if entered.

21. Settlement Class Members and PixarBio shareholders shall be bound by all determinations and judgments in the Actions whether favorable or unfavorable, unless such Person's request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion from the Settlement of the Securities Class Action shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than February 21, 2020 (twenty one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the address listed in the Long Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class Action *Allen v. PixarBio Corporation, et al.*, Case No. 2:17-cv-00496-CCC-SCM (D.N.J.)" and (B) state the date, number of shares and dollar amount of each PixarBio securities stock purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of PixarBio securities stock held by the Person as of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of PixarBio securities during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the

PixarBio securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion that has not been thereafter revoked.

23. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

| COUNSEL FOR DEFENDANTS KATRIN HOLZHAUS, DEREK S. BRIDGES AND LAURA BARKER MORSE:<br><br>GIBBONS P.C.<br>Lawrence S. Lustberg<br>One Gateway Center<br>Newark, NJ 07102 | CLASS COUNSEL:<br><br>THE ROSEN LAW FIRM, P.A.<br>Leah Heifetz-Li<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046 |
|---|---|
| DERIVATIVE COUNSEL:<br><br>THE BROWN LAW FIRM, P.C.<br>Timothy Brown<br>240 Townsend Square<br>Oyster Bay, NY 11771 | COUNSEL FOR PIXARBIO CORPORATION AND DAVID A. CASS:<br><br>OBERMAYER REBMANN MAXWELL & HIPPEL LLP<br>Mathieu J. Shapiro<br>Woodland Falls Corp. Park<br>200 Lake Drive East, Suite 110<br>Cherry Hill, NJ 08002 |
| COUNSEL FOR DEFENDANT FRANCIS M. REYNOLDS:<br><br>CONRAD O'BRIEN PC<br>Kevin D. Kent<br>1500 Market Street, Suite 3900<br>Centre Square, West Tower<br>Philadelphia, PA 19102 | COUNSEL FOR DEFENDANT KENNETH A. STROMSLAND:<br><br>ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP<br>Justin A. Greenblum<br>11 Times Square<br>New York, NY 10036 |

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of New Jersey, 50 Walnut Street, Newark, NJ 07102. To be a valid objection for the Securities Class Action, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of PixarBio securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address

and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. To be a valid objection for the Derivative Action, the PixarBio shareholder must include: (1) name, address, and telephone number; (2) proof of ownership of PixarBio securities as of the Settlement Class Period and through the date of the Settlement Hearing, including the number of shares of PixarBio securities held and the date of purchase; (3) all grounds for the objection, including any legal support known to the PixarBio shareholder and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the PixarBio shareholder, including former or current counsel who may be entitled to compensation in connection with the objection; (5) the number of times the PixarBio shareholder and/or his, her, or its counsel has filed an objection to a class action or derivative settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (6) that the objection is to the settlement of the Derivative Action, *Schnieders v. Reynolds, et al.*, Case No. 2:17-cv-02987-CCC-SCM (D.N.J.). Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may

call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members and PixarBio shareholders do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26. Any Settlement Class Member or PixarBio shareholder who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class Members and PixarBio shareholders.

28. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

29. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing.

30. Defendants, their counsel, their Insurer and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives and Schnieders

submitted by Class Counsel and Derivative Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

32. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

33. Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their Insurer or any of the other Released Parties of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members directly, or Schnieders derivatively have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Class Representatives or Schnieders of the

validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Actions.

34. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to September 4, 2019, pursuant to the terms of the Settlement Stipulation.

35. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members or PixarBio shareholders, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

Dated: November 18, 2019

HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE